PER CURIAM.
The sole question presented on this appeal by the defendants from a final decree of foreclosure is whether the chancellor committed error in refusing to accept evidence offered by defendants in support of their pleaded defense of payment. In'our opinion the chancellor was in error in so ruling, and we reverse.
The record discloses that the plaintiff Venetta Lewis filed suit in Dade County, Florida, against Charles T. Azar and his wife Gloria M. Azar and Nancy L. Azar. The complaint alleged a note and mortgage, in the principal amount of $5,000 with 8% interest, made by Charles Azar and Nancy L. Azar, his then wife, to the plaintiff on January 10, 1957. The mortgage encumbered certain real estate in Dade County, Florida. The note called for monthly payments of $95. The complaint filed April 22, 1964, alleged no payments had been made and that the accelerated balance was due. The defendant Nancy L. Azar answered, ‘and the defendants Charles T. Azar and Gloria M. Azar, his wife, filed their separate answer in which they admitted the mortgage debt, denied it was in default and pleaded payment by having a third party make payments direct to plaintiff, which she agreed to apply on the mortgage debt. Their answer incorporated a counterclaim. Plaintiff’s motion to dismiss the counterclaim was granted, and on her motion to strike the affirmative defense of payment ruling was reserved. The cause was tried before the chancellor and resulted in a final decree in favor of the plaintiff, finding $7,890.80 due and ordering foreclosure sale.
The evidence proffered by defendant Charles Azar was relevant and material to the pleaded defense of payment. Simply stated, the defense was predicated on allegations that at the time when Charles Azar was obligated to pay $95 per month on the mortgage held by plaintiff, he became entitled to receive $144 per month from a contract for a sale of certain other property located in Illinois; that by agreement with the plaintiff he arranged to have the purchaser of such other property make the payments direct to the plaintiff and that it was agreed they would be applied by plaintiff on the mortgage indebtedness owed by Charles Azar to plaintiff; that eighteen) such payments of $144 were received by plaintiff prior to suit, which reduced the mortgage debt to $3,197.30 and were enough to obviate default. Behind this was a transaction between Charles Azar and the plaintiff (who is his aunt) and Charles Azar’s parents, relating to the Illinois property.
 The defendant Charles Azar was entitled to show such facts in support of his answer, notwithstanding the dismissal of the counterclaim. The ruling by the chancellor that the allegations in the counterclaim were insufficient upon which to grant the affirmative relief prayed for should not serve to prevent use of the facts alleged, for other proper purposes. Facts which ■were material and relevant to the pleaded defense of payment in the foreclosure suit could be presented in support of the defense, even though they were also alleged in a counterclaim which the court dismissed for insufficiency. Moreover, the defendant Charles- Azar made timely motion to amend his answer to include the additional facts.
Accordingly the decree is reversed and the cause is remanded for further proceedings.
Reversed and remanded.